**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————

**No. 25-4407**

———————————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ANDREW FLESHMAN,

Defendant - Appellant.

———————————

Appeal from the United States District Court for the Southern District of West Virginia, at Beckley.  Frank W. Volk, Chief District Judge.  (5:23-cr-00133-1)

———————————

Submitted:  June 25, 2026                          Decided:  June 29, 2026

———————————

Before BENJAMIN and BERNER, Circuit Judges, and TRAXLER, Senior Circuit Judge.

———————————

Affirmed by unpublished per curiam opinion.

———————————

**ON BRIEF:**  Heather L. Carlton, CARLTON LAW PLC, Charlottesville, Virginia, for Appellant.  Harmeet K. Dhillon, Assistant Attorney General, Jesus A. Osete, Principal Deputy Assistant Attorney General, David N. Goldman, Katherine McCallister, Appellate Section, Civil Rights Division, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Appellee.

———————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Andrew Fleshman pleaded guilty to conspiracy to violate civil rights, in violation of 18 U.S.C. § 241. The district court sentenced Fleshman to 100 months' imprisonment followed by three years of supervised release. On appeal, Fleshman argues that the district court failed to pronounce or properly incorporate the standard and discretionary conditions of his supervised release, in violation of *United States v. Rogers*, 961 F.3d 291 (4th Cir. 2020). We affirm.

"At the core of *Rogers* jurisprudence is a defendant's right to be present when sentenced." *United States v. Aborisade*, 63 F. 4th 856, 866 (4th Cir. 2026). "A discretionary condition constitutes a *Rogers* error only when a material discrepancy appears between the written judgment and oral pronouncement of that condition." *Id.* Relevant here, a district court may satisfy its obligation of oral pronouncement "through incorporation . . . and then detailing those conditions in the written judgment." *Rogers*, 961 F.3d at 299. For example, the district court may incorporate "a written list of discretionary conditions of supervised release, such as the recommendations of conditions of release that have been spelled out in the defendant's [Presentence Report (PSR)], or those established by a courtwide standing order." *United States v. Smith*, 117 F.4th 584, 604 (4th Cir. 2024). But "an adoption of proposed conditions of supervised release by a sentencing court . . . requires those conditions to be expressly incorporated." *Id.* at 606. Failure to properly incorporate conditions by reference is reversible error. *See id.* at 607.

2

Here, the district court adopted the PSR before expressly incorporating the "conditions recommended by the United States Probation Officer," (J.A. 116, 170-71)[*], and the terms of the standard conditions in the PSR match those in the written judgment. *See United States v. Turner*, 122 F.4th 511, 519 (4th Cir. 2024), *cert. denied*, 145 S. Ct. 1894 (2025) ("[T]he conditions laid out in the PSR and incorporated at Turner's sentencing hearing. . . are a word-for-word match with those in Turner's written judgment.  That is enough to satisfy the dictates of our *Rogers* decision."); *see also United States v. Cisson*, 33 F.4th 185, 193 (4th Cir. 2022) (noting that "when a district court adopts the recommendations of a presentence report at a sentencing hearing, the report's contents have at that point . . . become part of the court's *oral* sentence.").  Furthermore, earlier in the sentencing, when the district court offered to recite the supervised release conditions one-by-one, defense counsel responded, "We'd be satisfied with incorporating them by reference, Your Honor." (J.A. 105).  Accordingly, we conclude that the district court did not commit a reversible *Rogers* error.

We affirm the district court's judgment.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

---

[*] "J.A." refers to the joint appendix filed by the parties in this appeal.